IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 1:06-CR-0154 (CPS) |
| | The Hon. Charles P. Sifton |
| V. | |
| | **NOTICE OF MOTION AND** |
| KHALID AWAN, | **MOTION TO DISMISS COUNTS** |
| | **ONE AND TWO OF THE** |
| Defendant. | **INDICTMENT** |

TO:   LAWRENCE P. FERAZANI, JR., ASSISTANT U.S. ATTORNEY

PLEASE TAKE NOTICE that on Wednesday, August 2, 2006, at 4:30 p.m., or as soon thereafter as counsel may be heard, the defendant, KHALID AWAN, by and through counsel Khurrum B. Wahid and Sean M. Maher, will move this Court to dismiss counts one and two of the indictment.

**MOTION**

COMES NOW, the Defendant, Khalid Awan, who, by and through counsel, and pursuant to Fed. R. Crim. P. 7(c)(1) & 12 (b)(3), and the Fifth and Sixth Amendments to the United States Constitution, and other applicable law, respectfully moves this Court to dismiss both counts of the indictment.

I.   The Indictment

On March 8, 2006, the government filed a two-count indictment against Mr. Awan.

Count One charges:

> In or about and between 1998 and November 6, 2001, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KHALID AWAN did provide material support and

>resources, as that term is defined in 18 U.S.C. §2339A(b), knowing and intending that they were to be used in preparation for, and for carrying out, the conspiracy to murder, kidnap or maim a person or persons outside the United States in violation of 18 U.S.C. §956(a).
>(Title 18, United States Code, Sections 2339A(a), 2 and 3551 et seq.)

Count Two charges:

>In or about and between 1998 and November 6, 2001, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KHALID AWAN did knowingly and intentionally transport, transmit and transfer monetary instruments and funds from a place in the United States to a place outside the United States with the intent to promote the carrying on of specified unlawful activity, to wit: an offense against a foreign nation involving murder and destruction of property by means of explosive or fire. (Title 18, United States Code, Sections 1956(a)(2)(A), 1956(c)(7)(B)(ii), 2 and 3551 et seq.)

## II.   Both Counts Fail to Outline any Essential Facts Constituting the Offense Charged

Fed. R. Crim. P. 7(c)(1) states that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Both counts of the indictment fail to outline "the essential facts constituting the offense charged . . . ." Id.

While arguably plain and concise, both counts merely recite the language of the "official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Id. Count One makes no mention whatsoever of what type of material support and resources Mr. Awan allegedly provided. The count is silent as to who received the purported material support. The count also fails to provide any essential facts concerning the alleged violation of 18 U.S.C. § 956(a). Who was involved in the conspiracy? Who and where were the targets of the conspiracy? What specific acts did Mr. Awan undertake to join and advance the conspiracy to "murder, kidnap or maim?"

Count Two is as devoid of essential facts as Count One.  There are no essential facts detailing the amount or type of "monetary instruments and funds," the manner in which instruments or funds were transferred, from where to where the instruments or funds were transferred, or to whom the instruments and funds were transferred.  The count fails to outline any essential facts about the "specified unlawful activity."  What offense involving murder and destruction of property is charged?  What foreign nation was the subject of the offense?  What or who were the intended targets of the alleged unlawful activity?  What specific acts did Mr. Awan undertake to join and "promote the carrying on" of the unlawful activity?

Because both counts of indictment fail to describe any essential facts constituting the offense charged, the defense is unable to discern the parameters of allegations against Mr. Awan, thus making it impossible to effectively investigate and prepare for trial.  The present indictment thus denies Mr. Awan his constitutional rights to due process, equal protection, effective assistance of counsel, as well as the right to present a defense and to be informed of the nature and cause of the accusation against him pursuant to the Fifth and Sixth Amendments.

For the foregoing reasons, the Court should dismiss the indictment.

This, the 14th day of July, 2006.

                                      Respectfully Submitted,

                                      _____/S/_____
                                      SEAN M. MAHER
                                      SM0037
                                      KHURRUM B. WAHID
                                      KW9149
                                      *Counsel for the Defendant*
                                      Wahid, Vizcaino & Maher LLP
                                      122 E. 42nd Street, Suite 1616
                                      New York, NY 10168

(212) 661-5333
(212) 661-5255 fax