IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | \| | CRIMINAL NO. 1:06-CR-0154 (CPS) |
| | \| | |
| | \| | The Hon. Charles P. Sifton |
| V. | \| | |
| | \| | |
| KHALID AWAN, | \| | **NOTICE OF MOTION AND MOTION** |
| | \| | **TO DISMISS INDICTMENT ON** |
| Defendant. | \| | **DOUBLE JEOPARDY GROUNDS** |

TO:   LAWRENCE P. FERAZANI, JR., ASSISTANT U.S. ATTORNEY
      ELIZABETH J. KRAMER, ASSISTANT U.S. ATTORNEY

PLEASE TAKE NOTICE that on Thursday, September 28, 2006, at 12:00 p.m., or as soon thereafter as counsel may be heard, the defendant, KHALID AWAN, by and through counsel Khurrum B. Wahid and Sean M. Maher, will move this Court to dismiss the indictment on double jeopardy grounds.

**MOTION**

COMES NOW, the Defendant, Khalid Awan, who, by and through counsel, and pursuant to the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, and other applicable law respectfully moves this Court to dismiss the Superseding Indictment.

I.       **Mr. Awan's Prior Plea Agreement and Conviction**

On October 25, 2001, the government arrested Mr. Awan pursuant to a material witness warrant related to the matter U.S. v. Bin Laden et al.  On November 6, 2001, Mr. Awan was arrested pursuant to a sealed criminal complaint and/or arrest warrant issued in the Eastern District of New York.  On December 4, 2001, Mr. Awan, along with 3 co-defendants, was

indicted on one count of fraud, involving conduct "[i]n or about and between February 2001 and October 2001," in violation of 18 U.S.C. § 1029(a)(2). (Indictment attached as Exhibit A)(marked as government Rule 16 discovery bates stamped numbers 804-805).

On or about May 7 or May 10, 2002, the government filed a superseding indictment against Mr. Awan charging four counts Access Device Fraud Conspiracy for the periods "[i]n or about and between January 1999 and April 2002," (Count One), "between May 2000 and May 2001," (Count 2), "between April 2001 and December 2001," (Count Three), and between "June 2001 and October 2001," (Count Four), all in violation of 18 U.S.C. § 1029(a)(2). The superseding indictment carried a fifth count charging Money Laundering Conspiracy "between January 1999 and December 2001," in violation of 18 U.S.C. § 1956(a)(1)(A)(i). (Superseding Indictment attached as Exhibit B)(marked as government Rule 16 discovery bates stamped numbers 810-815).

On March 3, 2003, the government filed a superseding information charging fraud for conduct "[i]n or about and between January 1999 and April 2002," in violation of 18 U.S.C. § 1029(a)(2). (Superseding Information attached as Exhibit C)(marked as government Rule 16 discovery bates stamped numbers 834-839).

According to docket entry 46 of U.S. v. Awan, 2:01-cr-01328-JS-2, on March 17, 2003, the government filed a superseding indictment, and, pursuant to a plea agreement, Mr. Awan pleaded guilty to Count One of the superseding indictment, a violation of 18 U.S.C. § 1029. Plea Agreement, 01-CR-1328 (JS), marked as government Rule 16 discovery bates stamped numbers 816-822.

According to the Paragraph 5(a) of the plea agreement entered by the government and Mr. Awan, the government agreed that "no further criminal charges will be brought against the

2

defendant for the credit card fraud and money laundering charged in the superseding indictment during the period January 1999 through April 2002, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the underlying indictment and superseding indictment with prejudice . . . ."  Plea Agreement, p. 4, 01-CR-1328 (JS).  (Attached as Exhibit D)(marked as government Rule 16 discovery bates stamped number 819).

On October 28, 2004, Judge Seybert sentenced Mr. Awan to 60 months in prison pursuant to his guilty plea to Count One of the superseding indictment; the remaining counts were dismissed on the government's motion.  The court entered judgment on November 8, 2004.

## II.      The Current Prosecution

On March 8, 2006, the government filed a new indictment against Mr. Awan charging material support and laundering of monetary instruments.  That indictment was superseded on August 1, 2006.

Count One of the Superseding Indictment charges a conspiracy to provide material support and states:

> In or about and between 1998 and February 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KHALID AWAN, together with others, did knowingly and intentionally conspire to provide material support and resources, as that term is defined in 18 U.S.C. §2339A(b)(2005), knowing and intending that they were to be used in preparation for, and for carrying out, a conspiracy to murder, kidnap or maim a person or persons outside the United States, in violation of Title 18, Unites State Code, Section 956(a).
> (Title 18, United States Code, Sections 2339A(a)(2005) and 3551 et seq.)

3

Count Two charges Mr. Awan with providing material support and states:

> In or about and between 1998 and November 6, 2001, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KHALID AWAN did knowingly and intentionally provide material support and resources, as that term is defined in Title 18, United States Code, Section 2339A(b)(2001), knowing and intending that they were to be used in preparation for, and for carrying out, a conspiracy to murder, kidnap or maim a person or persons outside the United States, in violation of Title 18, United States Code, Section 956(a).
> (Title 18, United States Code, Sections 2339A(a)(2001), 2 and 3551 et seq.)

Count Three of the Superseding Indictment charges laundering of monetary instruments and states:

> In or about and between 1998 and November 6, 2001, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KHALID AWAN did knowingly and intentionally transport, transmit and transfer monetary instruments and funds from a place in the United States to a place outside the United States with the intent to promote the carrying on of an offense against a foreign nation involving murder and destruction of property by means of explosive or fire, in violation of Title 18, United States Code, Section 1956(c)(7)(B)(ii).
> (Title 18, United States Code, Sections 1956(a)(2)(A),  2 and 3551 et seq.)

**III.     The Instant Prosecution Violates Mr. Awan's Rights under the Double Jeopardy Clause**

**A.     Legal Overview**

The Fifth Amendment of the United States Constitution provides that never "shall any person be subject for the same offense to be twice put in jeopardy of life or limb."  U.S. Const., amend. V.  "Under this Clause, once a defendant is placed in jeopardy for an offense, and jeopardy terminates with respect to that offense, the defendant may neither be tried nor punished a second time for the same offense."  Sattazahn v. Pennsylvania, 537 U.S. 101, 106 (2003).

"The Double Jeopardy Clause confers its protections in three different situations - where there is a second prosecution for the same offense after acquittal of that offense; where there is

4

a second prosecution for the same offense after conviction of the offense; and where there are multiple punishments for the same offense." U.S. v. Estrada, 320 F.3d 173, 180 (2nd Cir. 2003)(citing Schiro v. Farley, 510 U.S. 222, 229 (1994)).   "The purposes served by the constitutional prohibition against double jeopardy include protection against the hazards of trial and possible conviction more than once for the same offense; preservation of the finality of judgments; and deprivation of an opportunity for the prosecution to supply evidence at a successive trial that it failed to present the first time around." Id. (citing U.S. v. DiFrancesco, 449 U.S. 117, 127-29 (1980)).

A double jeopardy claim cannot succeed unless the charged offenses are the same in fact and in law.  Id. (citing U.S. v. Nersesian, 824 F.2d 1294, 1319 (2d Cir. 1987)).   In regard to double jeopardy questions in the context of successive conspiracy prosecutions, the court's inquiry is "whether the second prosecution is for a conspiracy distinct from that previously prosecuted.   If the second prosecution is for a distinct conspiracy, there is no double jeopardy problem regardless of an overt act or other evidentiary overlap." Id. (citing U.S. v. Gambino, 968 F.2d 227, 231 (2d Cir. 1992)).

### B.    Evaluating Successive Conspiracy Prosecutions

The first difficulty in analyzing the relationship between the two prosecutions involving Mr. Awan is the presence of conspiracy counts in both cases; the inquiry requires an examination of the interrelationship not only between the conspiracy counts, but also between the conspiracy and non-conspiracy counts.

The Second Circuit utilizes the Korfant factors to determine whether the conspiracies are distinct.  Id. at 180-181 (citing U.S. v. Korfant, 771 F.2d 660, 662 (2d. Cir.1985) (per curiam)).   The Korfant factors are as follows:

(1) the criminal offenses charged in successive indictments;

(2) the overlap of participants;

(3) the overlap of time;

(4) similarity of operation;

(5) the existence of common overt acts;

(6) the geographic scope of the alleged conspiracies or location where overt acts occurred;

(7) common objectives;  and

(8) the degree of interdependence between alleged distinct conspiracies.

Id.

The Second Circuit in Estrada cautioned that the court is "constrained to 'consider the several Korfant factors with the lively awareness that no dominant factor or single touchstone determines whether' the compared conspiracies are in law and fact the same." Id. at 181 (quoting U.S. v. Macchia, 35 F.3d 662, 668 (2d Cir. 1994) ("Macchia I ")).

In addition, the Second Circuit has held that two offenses having different elements may be considered the same in some limited circumstances.  For example, in prosecutions involving the violation of two different statutes, where one of the statutes "covers a broad range of conduct," the court may "examine the allegations of the indictment rather than only the terms of the statutes" to determine whether the offenses are the same.  United States v. Liller, 999 F.2d 61, 63 (2nd Cir. 1993); see also United States v. Zvi, 168 F.3d 49, 57 (2nd Cir. 1999)(finding that separate counts charging domestic and international money laundering were multiplicitous where the same transactions were used to prove the elements of both crimes); United States v. Seda, 978 F.2d 779, 782 (2nd Cir. 1992)(holding that one could not be convicted of both bank fraud and filing false loan applications because the latter crime was "simply a species of bank fraud").

"If a defendant makes a non-frivolous showing on a double jeopardy claim that the two conspiracies under review are not distinct, the burden shifts to the Government to prove by a

6

preponderance of evidence that the conspiracies are separate." Estrada, 320 F.3d at 181 (citing U.S. v. Del Vecchio, 800 F.2d 21, 22 (2d Cir. 1986)).

### C.   Applying the Korfant Factors

#### (1)   The criminal offenses charged in successive indictments

The successive indictments against Mr. Awan both contain conspiracy charges and money laundering conspiracy charges.  The superseding indictment in the first prosecution, hereinafter "first indictment," charged conspiracy to commit fraud in violation of 18 U.S.C. § 1029(a)(2).  In addition, Count Five of the first indictment, which was dismissed with prejudice pursuant to the plea agreement, charged Money Laundering Conspiracy "between January 1999 and December 2001," in violation of 18 U.S.C. § 1956(a)(1)(i).  According to the plea agreement, "no further criminal charges will be brought against the defendant for the credit card fraud and money laundering charged in the superseding indictment during the period January 1999 through April 2002."

The instant superseding indictment, hereinafter "second indictment," charges money laundering in violation of 18 U.S.C. § 1956(a)(2)(A)(ii).  Thus, the successive indictments both involve the violation of 18 U.S.C. § 1956(a).

The second indictment also charges conspiracy to provide material support as well as providing material support; both of these counts include 18 U.S.C. § 956 conspiracy elements. Because the statutory definition of material support could encompass the elements contained within the fraud and money laundering conspiracy charges in the first indictment, there is potential overlap.

#### (2)   The overlap of participants

7

In its 404(b) filing of September 15, 2006 (docket entry 52), the government declared its intent to call a witness who was involved to some degree in criminal acts involved in the previous conspiracy case, including accepting money to participate in the scheme, failing to withdraw from the scheme, and willfully destroying evidence of the scheme. Id. at 4-6. From the facts relayed in the suppression hearing and the government's 404(b) filing, this witness appears to be the person who was identified by Special Agent Jackson as Mr. Mian, who was arrested at 464 Old Country Road with Mr. Awan.

In addition, the government's 404(b) filing delineates a substantial amount of alleged facts and evidence from the previous conspiracy prosecution that it seeks to introduce at trial against Mr. Awan. A reasonable inference is that the government may be intending to call other indicted or unindicted co-conspirators from the first case to prove the second indictment.

Because the government has not provided the defense with a comprehensive witness list, the defense is unable at this point to further clarify any overlap of the participants.

### (3)  The overlap of time

Both indictments clearly overlap in time. The plea agreement for the first indictment covered the time period of January 1999 through April 2002. Counts Two and Three of the second indictment cover the period "[i]n or about and between 1998 and November 6, 2001." Count One of the second indictment also incorporates the time period of the first indictment by covering the period "[i]n or about and between 1998 and February 2005."

### (4)  Similarity of operation

The successive indictments both involve money laundering. Both indictments allege the involvement of co-conspirators, whether named or unnamed. The first indictment contains alleged overt acts; the second indictment is completely silent concerning overt acts or the

8

specific mode of operation.  As stated above, the government's 404(b) filing seems to imply that there are similarities of operation, although the defense does not concede that fact based upon the paucity of information in the second indictment.  The government has stated that it intends to call a witness who was involved to some degree in criminal acts involved in the previous conspiracy, including accepting money to participate in the scheme, failing to withdraw from the scheme, and willfully destroying evidence of the scheme.  Id. at 4-6.  Again, from the facts relayed in the suppression hearing and the government's 404(b) filing, this witness appears to be the person who was identified by Special Agent Jackson as Mr. Mian, who was arrested at 464 Old Country Road with Mr. Awan.

Because the second indictment is devoid of essential facts, the defense is unable to analyze this factor further without speculating as to what the government intends to prove regarding the specifics of the operation at issue in the second indictment.

### (5)  The existence of common overt acts

The first indictment sets forth a number of overt acts.  The second indictment, wholly devoid of essential facts and overt acts, can not at this stage be compared meaningfully to the first indictment.

### (6)  The geographic scope of the alleged conspiracies or location where overt acts occurred

The successive indictments contain the same vague language relating to geographic scope: "within the Eastern District and elsewhere."  The first indictment lists two places relating to overt acts: Lynbrook, New York and Bohemia, New York.  At the suppression hearing on September 18, 2006, Investigator John Ross testified that evidence seized at a location involved in the first prosecution will be used at trial against Mr. Awan.  This leads to the conclusion that

9

there is overlap of geographic scope, the exact scope being impossible to determine at this stage because of the second indictment's absence of essential facts and overt acts.

### (7)  Common objectives

There is a commonality of objectives concerning the successive allegations of money laundering.  The absence of material support related charges in the first indictment would seem to indicate some different objectives, however a meaningful comparison is fatally curtailed at this stage because of the second indictment's absence of essential facts and overt acts.

### (8) The degree of interdependence between alleged distinct conspiracies

Because of the second indictment's absence of essential facts, as well as the incomplete discovery, the interdependence between the conspiracies can not be meaningfully compared at this time.

**B.      The Absence of Essential Facts in the Second Indictment and the Government's Refusal to Provide a Bill of Particulars Unconstitutionally Prevents Mr. Awan from Perfecting His Double Jeopardy Claim**

As can be seem above, a difficulty for the defense at this stage in the litigation is the complete lack of specific information in the second indictment.  The defense is hamstrung from making many detailed comparisons of the Korfant factors because the second indictment is devoid of essential facts.  This problem is compounded by the government's refusal to provide a bill of particulars.

The defense acknowledges that the government has made statements in various pleadings as to what it may try to prove at trial; it also has provided numerous batches of discovery.

10

The problem is that statements made in government pleadings and all the mountains of discovery in the world do not have the same binding legal effect as an indictment and bill of particulars that clearly sets out what the government will be bound to prove at trial; a sufficient indictment and bill of particulars also provide the crucial details needed to perfect a double jeopardy claim and to make meaningful comparisons between successive indictments. Such basic details certainly include what the government is charging beyond boilerplate statutory language, what specific criminal acts occurred, who participated in the criminal activity, who was targeted by the criminal activity, where the criminal activity occurred, what acts were taken to further any alleged conspiracies, and what specific elements of expansive terms such as "material support and resources" the government intends to prove at trial.

The government, by securing an indictment devoid of essential facts and refusing to provide a bill of particulars, is preventing the defense from further expanding its analysis of the double jeopardy claim, thus preventing Mr. Awan from vindicating his rights under the Fifth Amendment. Thus, Mr. Awan respectfully requests that the Court dismiss the indictment on double jeopardy grounds; in the alternative, the Court should grant Mr. Awan's previously filed motions to dismiss and/or motion for a bill of particulars so that Mr. Awan will have a meaningful opportunity to evaluate the double jeopardy issues implicated by the successive indictments and to raise a successful claim pursuant to the Fifth Amendment.

Considering the evidence available to the defense at this stage in the case, Mr. Awan asserts that he has set forth a sufficient basis to support dismissal of the indictment based upon double jeopardy grounds. Mr. Awan certainly has proffered under Estrada a "non-frivolous showing on [the] double jeopardy claim that the two conspiracies under review are not distinct,

11

[thus shifting] the burden to the Government to prove by a preponderance of evidence that the conspiracies are separate."

At a minimum, Mr. Awan respectfully requests that, if the Court is not prepared at this stage to grant the requested relief, the Court permit Mr. Awan to supplement and amend the motion as further specific information comes to light as to what the government intends to prove at trial.

Failure to provide the relief requested will violate Mr. Awan's constitutional right to be free of double jeopardy, as well as his rights to due process, equal protection, to prepare and present a defense, and to be informed of the nature and cause of the accusation against him pursuant to the Fifth and Sixth Amendments.

WHEREFORE, for the reasons stated herein, Mr. Awan respectfully moves the Court to grant the instant motion.

Dated: New York, New York
           September 24, 2006

Respectfully Submitted,

        /S/
SEAN M. MAHER
SM0037
KHURRUM B. WAHID
KW9149
*Counsel for the Defendant Khalid Awan*
Wahid, Vizcaino & Maher LLP
122 E. 42nd Street, Suite 1616
New York, NY 10168
(212) 661-5333
(212) 661-5255 fax

12