# Exhibit A

CR 01 1328

SEYBERT, J.

WALL, M.J.

★ DEC 0 4 2001 ★

ENTERED

JRC:JFC:jfc
F.#2001R02268
hussain.ind

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

CHOUDHRY HUSSAIN,
KHALID AWAN and
SUHAIL SARWER,

Defendants.

- - - - - - - - - - - - - - - - -X

I N D I C T M E N T

(T. 18, U.S.C., §§ 1029(a)(2);
1029(c)(1)(A)(i), 2 and 3551
et seq.)

THE GRAND JURY CHARGES:

In or about and between February 2001 and October 2001,
both dates being approximate and inclusive, within the Eastern
District of New York, the defendants CHOUDHRY HUSSAIN, KHALID
AWAN and SUHAIL SARWER, together with others, in a manner
affecting interstate commerce, did knowingly and with intent to
defraud use one or more unauthorized access devices, to wit:

000000804

2

credit cards, during a one-year period, and by such conduct did obtain things of value aggregating $1,000.00 or more during such period.

(Title 18, United States Code, Sections 1029(a)(2), 1029(c)(1)(A)(i), 2 and 3551 et sec.).

ACCEPTED FOR VALUE
EXEMPT FROM LEVY

A TRUE BILL

_Mark Cinpell_
FOREPERSON

ALAN VINEGRAD
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:_____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.137

000000805

# Exhibit B

JRC:JFC:jfc
F.#2001R02263
hussain.ind

R E C E I V E D
U.S. DISTRICT COURT, E.D.N.Y.
IN CLERK'S OFFICE
LONG ISLAND COURTHOUSE

★ MAY 07 2002 ★

E N T E R E D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

- against -

CHOUDHRY HUSSAIN,
KHALID AWAN,
SUHAIL SARWER, also known as
"Abdul Hameed," and

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 01-1322(S-1)(JS)
(T. 18, U.S.C., §§ 1029(a)(2),
1029(b)(1) 1921, (i), 1956 (h),
2 and (T. 21 ...1 et seq.)

COUNT ONE
(Access Device Fraud Conspiracy)

On or about and between January 1999 and April 2002, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHOUDHRY HUSSAIN, KHALID AWAN, SUHAIL SARWER, also known as "Abdul Hameed," together with others, in a manner affecting interstate commerce, did knowingly and with intent to defraud conspire to use one or more unauthorized access devices, to wit: credit cards, during a one-year period, and by such conduct did obtain things of value aggregating $1,000.00 or more during such period, in violation of Title 18, United

000000810

Code, Section 1029(a)(2).

2

2.    In furtherance of the conspiracy and to effect the objects thereof, within the Eastern District of New York and elsewhere, the defendants CHOUDHRY HUSSAIN, KHALID AWAN, SUHAIL SARWER, also known as "Abdul Hameed,"                                    and their co-conspirators committed and caused to be committed the following:

## OVERT ACTS

a.    From in or about and between January 21, 1999 through May 30, 2001, in Lynbrook, New York, a co-conspirator wrote checks drawn from an account in the name LI Fashions in an approximate amount $95,000 payable to KHALID AWAN.

b.    On or about April 9, 2001, in Lynbrook, New York, a co-conspirator established a bank account in the name A & Z Fashion & Wholesale, Inc. ("A & Z Fashion") at HSBC.

c.    From in or about and between May 18, 2001 through October 1, 2001, a co-conspirator wrote A & Z Fashion checks in an approximate amount of $25,285 payable to KHALID AWAN.

d.    From in or about and between May 18, 2001 through October 1, 2001, a co-conspirator wrote A & Z Fashion checks in the approximate amounts of $300 payable to SUHAIL SARWER, approximately $13,700 payable to Abdul Hameed and approximately $13,500 payable to Tee Jays Fashions.

000000811

3

e.  On or about June 11, 2001, in Ronkonkoma, New York, CHOUDHRY HUSSAIN established a bank account in the name Omega Techno Corp. at EAB Bank.

f.  On or about June 27, 2001, in Bohemia, New York, CHOUDHRY HUSSAIN established a bank account in the name Omega Techno Corp. at Fleet Bank.

g.  From in or about and between July 2001 through September 2001, CHOUDHRY HUSSAIN wrote Omega Techno Corp. checks in an approximate amount of $86,000 payable to KHALID AWAN.

h.  From in or about and between July 2001 through September 2001, KHALID AWAN deposited checks from Omega Techno Corp. in bank accounts at branches of Fleet Bank and the Bank of New York located in the Eastern District of New York.

i.  From in or about and between July 2001 through September 2001, CHOUDHRY HUSSAIN wrote Omega Techno Corp. checks in approximate amounts of $52,000 payable to Tee Jays Fashion & Wholesale, Inc., approximately $5,000 payable to SUHAIL SARKER and approximately $16,000 payable to Abdul Hameed.

j.  From in or about and between July 2001 and September 2001, SUHAIL SARKER, also known as "Abdul Hameed," deposited Omega Techno Corp. checks in bank accounts at branches of HSBC Bank and EAB/Citibank in the Eastern District of New York.

000000812

4

k.   On or about September 21, 2001, in Lynbrook, New York,                     processed credit card purchases on behalf of LimeLight Fashions through Universal Savings Bank.

(Title 18, United States Code, Sections 1029(b)(2), 1029(c)(1)(A)(i) and 3551 et seq.).

COUNT TWO
(LI Fashions)

3.   In or about and between May 2000 and May 2001, both dates being approximate and inclusive, within the Eastern District of New York, the defendants KHALID AWAN, SUHAIL SARWER, also known as "Abdul Hameed,"                     together with others, in a manner affecting interstate commerce, did knowingly and with intent to defraud use one or more unauthorized access devices, to wit: credit cards, during a one-year period, and by such conduct did obtain things of value aggregating $1,000.00 or more during such period.

(Title 18, United States Code, Sections 1029(a)(2), 1029(c)(1)(A)(i), 2 and 3551 et seq.).

COUNT THREE
(A & Z Fashions)

4.   In or about and between April 2001 and December 2001, both dates being approximate and inclusive, within the Eastern District of New York, the defendants KHALID AWAN, SUHAIL SARWER, also known as "Abdul Hameed,"

000000813

together with others, in a manner affecting interstate commerce, did knowingly and with intent to defraud use one or more unauthorized access devices, to wit: credit cards, during a one-year period, and by such conduct did obtain things of value aggregating $1,000.00 or more during such period.

(Title 18, United States Code, Sections 1029(a)(2), 1029(c)(1)(A)(i), 2 and 3551 et seq.).

COUNT FOUR
(Omega Techno Corp.)

5.    In or about and between June 2001 and October 2001, both dates being approximate and inclusive, within the Eastern District of New York the defendants CHOUDHRY HUSSAIN, KHALID AWAN and SUHAIL SARWER, also known as "Abdul Hameed," together with others, in a manner affecting interstate commerce, did knowingly and with intent to defraud use one or more unauthorized access devices, to wit: credit cards, during a one-year period, and by such conduct did obtain things of value aggregating $1,000.00 or more during such period.

(Title 18, United States Code, Sections 1029(a)(2), 1029(c)(1)(A)(i), 2 and 3551 et seq.).

COUNT FIVE
(Money Laundering Conspiracy)

6.    In or about and between January 1999 and December 2001, within the Eastern District of New York and elsewhere, the

ACCEPTED FOR VALUE EXEMPT FROM LEVY

6

defendants CHOUDHRY HUSSAIN, KHALID AWAN, SUHAIL SARWER, also known as "Abdul Hameed," together with others, did knowingly and intentionally conspire to conduct financial transactions that affected interstate commerce, to wit: the deposit and withdrawal of United States currency into, from and between bank accounts opened in the names of Omega Techno Corp., LI Fashions, A & Z Fashion & Wholesale, Tee Jays Fashions, KHALID AWAN, SUHAIL SARWER, and Abdul Hameed, which transactions involved the proceeds of specified unlawful activities, to wit: fraud in connection with access devices, with the intent to promote the carrying on of those specified unlawful activities, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.).

A TRUE BILL

FOREPERSON

ALAN VINEGRAD
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:_____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. O.131

000000815

# Exhibit C

JRC:WLB
F. #2001R02268

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

KHALID AWAN,

          Defendant.

- - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N F O R M A T I O N

Cr. No. 01-1328 (S-2) (JS)
(T. 18, U.S.C., §§ 982,
1029(a)(2),
1029(c)(1)(A)(i), 2 and
3551 et seq.; and T. 21,
U.S.C., § 853)

THE UNITED STATES ATTORNEY CHARGES:

    1.    In or about and between January 1999 and April 2002, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KHALID AWAN, together with others, in a manner affecting interstate commerce, did knowingly and with intent to defraud conspire to use one or more unauthorized access devices, to wit: credit cards, during a one-year period, and by such conduct did obtain things of value aggregating $1,000.000 or more during such period, in violation of Title 18, United States Code, Section 1029(a)(2).

    2.    In furtherance of the conspiracy and to effect the objects thereof, within the Eastern District of New York and elsewhere, the defendant KHALID AWAN, and his co-conspirators committed and caused to be committed the following:

OVERT ACTS

    a.    From in or about and between January 21, 1999

000000834

## OVERT ACTS

a.    From in or about and between January 21, 1999 through May 30, 2001, in Lynbrook, New York, a co-conspirator wrote checks drawn from an account in the name of LI Fashions in an approximate amount of $95,000 payable to Khalid Awan.

b.    On or about April 9, 2001, in Lynbrook, New York, a co-conspirator established a bank account in the name A & Z Fashion & Wholesale, Inc. ("A & Z Fashion") at HSBC.

c.    From in or about and between May 18, 2001 through October 1, 2001, a co-conspirator wrote A & Z Fashion checks in an approximate amount of $25,285 payable to Khalid Awan.

d.    From in or about and between May 18, 2001 through October 1, 2001, a co-conspirator wrote A & Z Fashion checks in the approximate amounts of $300 payable to the defendant SUHAIL SARWER, also known as "Abdul Hameed," approximately $13,700 payable to Abdul Hameed and approximately $13,500 payable to Tee Jay Fashions.

e.    On or about June 11, 2001, in Ronkonkoma, New York, Choudhry Hussain established a bank account in the name Omega Techno Corp. at EAB Bank.

f.    On or about June 27, 2001, in Bohemia, New York, Choudhry Hussain established a bank account in the name Omega Techno Corp. at Fleet Bank.

g.    From in or about and between July 2001 through September 2001, Choudhry Hussain wrote Omega Techno Corp. checks in

-2-

000000835

through May 30, 2001, in Lynbrook, New York, a co-conspirator wrote checks drawn from an account in the name of LI Fashions in an approximate amount of $95,000 payable to the defendant KHALID AWAN.

b.    On or about April 9, 2001, in Lynbrook, New York, a co-conspirator established a bank account in the name A & Z Fashion & Wholesale, Inc. ("A & Z Fashion") at HSBC.

c.    From in or about and between May 18, 2001 through October 1, 2001, a co-conspirator wrote A & Z Fashion checks in an approximate amount of $25,285 payable to the defendant KHALID AWAN.

d.    From in or about and between May 18, 2001 through October 1, 2001, a co-conspirator wrote A & Z Fashion checks in the approximate amounts of $300 payable to Suhail Sarwer, approximately $13,700 payable to Abdul Hameed and approximately $13,5000 payable to Tee Jay Fashions.

e.    On or about June 11, 2001, in Ronkonkoma, New York, Choudhry Hussain established a bank account in the name Omega Techno Corp. at EAB Bank.

f.    On or about June 27, 2001, in Bohemia, New York, Choudhry Hussain established a bank account in the name Omega Techno Corp. at Fleet Bank.

g.    From in or about and between July 2001 through September 2001, Choudhry Hussain wrote Omega Techno Corp. checks in an approximate amount of $86,000 payable to the defendant KHALID AWAN.

-2-

an approximate amount of $86,000 payable to Khalid Awan.

h.     From in or about and between July 2001 through September 2001, Khalid Awan deposited checks from Omega Techno Corp. in bank accounts at branches of Fleet Bank and the Bank of New York located in the Eastern District of New York.

i.     From in or about and between July 2001 through September 2001, Choudhry Hussain wrote Omega Techno Corp. checks in approximate amounts of $52,000 payable to Tee Jays Fashion & Wholesale, Inc., approximately $5,000 payable to the defendant SUHAIL SARWER, also known as "Abdul Hameed," and approximately $16,000 payable to Abdul Hameed.

j.     From in or about and between July 2001 and September 2001, the defendant SUHAIL SARWER, also known as "Abdul Hameed," deposited Omega Techno Corp. checks in bank accounts at branches of HSBC Bank and EAB/Citibank in the Eastern District of New York.

k.     On or about September 21, 2001, in Lynbrook, New York, Mahmood Iyaz Butt processed credit card purchases on behalf of LimeLight Fashions through Universal Savings Bank.

(Title 18, United States Code, Sections 1029(b)(2), 1029(c)(1)(A)(i) and 3551 et seq.).

### CRIMINAL FORFEITURE ALLEGATION

3.     The allegations contained in paragraphs 1 and 2 above are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18,

000000837

United States Code, Section 982.

4.    Pursuant to Title 18, United States Code, Section 982, upon conviction of the offense set forth in this Information, the defendant SUHAIL SARWER, also known as "Abdul Hameed," shall forfeit to the United States all right, title, and interest in any and all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such offense.   In particular, the defendant agrees to forfeit to the United States all of his right, title and interest in the following properties: (a) all funds on deposit in any and all bank accounts in the name of Abdul Hameed and/or Suhail Sarwer maintained at Citibank, N.A.; (b) any and all property previously seized by law enforcement officers pursuant to the search warrant issued on or about March 11, 2002, from storage locker number E006, located at Public Storage, 72 Southern Blvd., Nesconset, New York; (c) any and all property previously seized by law enforcement officers pursuant to the search warrant issued on or about October 29, 2001, from storage room numbers 1238 and 2303, located at Self Storage Center, 1990 Jericho Turnpike, New Hyde Park, New York; and (d) any cash and/or jewelry previously seized by law enforcement officers from the defendant at the time of his arrest on November 6, 2001.

5.    If, by any act or omission of the defendant SUHAIL SARWER, also known as "Abdul Hameed," the property described in paragraph 4, or any portion thereof:

-4-

000000838

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property, which cannot be divided without difficulty;

the defendant shall forfeit substitute property, pursuant to Title 21, United States Code, Section 853(p), which is incorporated in 18 U.S.C. § 982(b)(1), up to the value of the property described in subparagraphs 5(a) through 5(e) above.

(Title 21, United States Code, Section 853; Title 18, United States Code, Section 982)

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. C.131

-5-

000000839

# Exhibit D

4

waives any right to additional disclosure from the government in connection with the guilty plea.  The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.  The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

5.    The Office agrees that:

a.    no further criminal charges will be brought against the defendant for the credit card fraud and money laundering charged in the superseding indictment during the period January 1999 through April 2002, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining counts of the indictment and the underlying indictment with prejudice;

and, based upon information now known to the Office, it will

b.    take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraph 5(b).  Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of

ACCEPTED FOR VALUE
EXEMPT FROM LEVY

000000819