

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

LPF/LK
F. #2003R02644

*1 Pierrepont Plaza*
*Brooklyn, New York  11201*

*Mailing Address*: *147 Pierrepont Street*
*Brooklyn, New York 11201*
September 27, 2006

<u>Via Electronic Case Filing</u>
The Honorable Charles P. Sifton
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

              Re:  United States v. Khalid Awan
                   <u>Criminal Docket No. 06-154(S-1)(CPS)</u>

Dear Judge Sifton:

        The government respectfully submits this letter in opposition to the defendant's motion to dismiss the indictment because of selective and vindictive prosecution.  The defendant's motion contains numerous misstatements of fact and fails to proffer any basis for this Court to grant the motion.

**I.    SELECTIVE PROSECUTION CLAIM**

    A.    <u>Legal Standard</u>

        "The decision as to whether to prosecute generally rests within the broad discretion of the prosecutor." <u>United States v. White</u>, 972 F.2d 16, 18 (2nd Cir. 1992).  A prosecutor's pretrial charging decision is presumed legitimate. <u>See</u> <u>Id</u>. at 19.  However, a prosecutor's discretion "is subject to Constitutional constraints." <u>United States v. Batchelder</u>, 442 U.S. 114, 125 (1979).  One of these constraints is that the decision whether to prosecute may not be based on "an unjustifiable standard such as race, religion, or other arbitrary classification." <u>Oyler v. Boles</u>, 368 U.S. 448, 456 (1962).  If the administration of a criminal law is directed so exclusively against a particular class of persons with a mind so unequal and oppressive that the system of prosecution amounts to a practical denial of the equal protection of the law, it will result in the dismissal of charges for selective prosecution. <u>See</u> <u>Yick Wo v. Hopkins</u>, 118 U.S. 356, 373 (1886).

2

"Cases delineating the necessary elements to prove a claim of selective prosecution have taken great pains to explain that the standard is a demanding one." United States v. Armstrong, 517 U.S. 456, 463 (1996). In fact, the showing necessary for a defendant to obtain discovery regarding selective prosecution should itself be a significant barrier to the litigation of insubstantial claims. Id. at 464. In order for a defendant to meet his burden to overcome the presumption against permitting discovery regarding a claim of selective prosecution, the defendant must demonstrate "clear evidence" that the administration of a particular law is directed exclusively at a particular class of persons. Id.

In order to support a claim of selective prosecution and obtain discovery a defendant must "produce some evidence that similarly situated defendants of other races could have been prosecuted, but were not." Id. at 469. Where a defendant fails to submit relevant evidence that similarly situated persons were treated differently, he is not entitled to discovery on the issue. United States v. Bass, 536 U.S. 862, 864 (2002).

2.    Argument

In the instant matter, the defendant fails to proffer any evidence regarding disparities in prosecution of various of races and classes for providing material support to terrorism. He attempts to meet his substantial burden by claiming:

> No other defendant similarly situated to Mr. Awan has been charged with providing material support to the KCF, a group formed to realize the nationalist aspirations of the Sikh people of Khalistan. Mr. Awan is a Canadian citizen of Pakistani origin and Muslim faith. *To the knowledge of defense counsel*, no American citizen of Christian faith has ever been charged with providing material support to the KCF. In fact, *defense counsel is not aware of* any person of the Sikh faith who has ever been charged with providing material support to the KCF, even though the KCF is a Sikh organization that draws its support from members of the Sikh community.

(Emphasis added) Defendant's Brief, p. 7. The defendant fails to offer any evidentiary support for his allegations other than "the knowledge of defense counsel." Clearly, the demanding standard outlined by Armstrong and its progeny require a defendant alleging selective prosecution to proffer something

3

more substantial than his attorney's personal observations to permit a Court to order discovery on his claim.

Moreover, even if the defendant had factual support for his assertion, he would still fail to meet his burden to compel further discovery.  The fact that "no American citizen of Christian faith has ever been charged with providing material support to the KCF" is irrelevant to whether or not charging Awan was a result of selective prosecution.  In order to meet the burden outlined by <u>Armstrong</u> and its progeny, the defendant would have to show that American citizens of Christian faith were routinely caught providing material support to the KCF and because of their religion and citizenship, the United States Attorneys Office chose not to prosecute them.  That is simply not the case in the instant matter.

The defendant next attempts to support his claim of selective prosecution by contrasting the handling of the defendant's case with the handling of cooperating witness Gurbax Singh's prosecution, a disparity that the defendant claims is "even more striking considering that AUSA Lawrence Ferazani, Jr., the lead Assistant U.S. Attorney responsible for prosecuting Mr. Awan, is the same prosecutor who secured the indictment and is handling the prosecution of Gurbax Singh."  Defendant's Brief, p. 8.  However, the defendant's entire analysis regarding Gurbax Singh is premised upon his unsupported and incorrect allegation that Gurbax Singh was not prosecuted for his material support to the Khalistan Commando Force.

While Gurbax Singh was initially charged with immigration-related crimes, he ultimately pled guilty on July 6, 2006 to an information charging him with providing material support to the Khalistan Commando Force in violation of Title 18, United States Code, Section 2339A(b), knowing and intending that the material support and resources were to be used in preparation for, and for carrying out, a conspiracy to murder, kidnap or maim a person or persons outside the United States in violation of 18 U.S.C. § 956(a).  In other words, Gurbax Singh ultimately pled guilty to charges mirroring the defendant's present indictment.  Therefore, the handling of Gurbax Singh does not provide any evidence of "discriminatory effect and motive."

Because the defendant has failed to proffer anything other than inaccurate supposition and personal observation in support of his allegation of selective prosecution, he has failed to meet the demanding standard outlined by <u>Armstrong</u> to permit even further discovery regarding his claim, much less dismissal of the pending indictment.  Therefore, the government

4

respectfully requests this Court deny the defendant's motion and not order further discovery on this issue.

**II.   VINDICTIVE PROSECUTION**

    A.   <u>Legal Standard</u>

        It is a violation of due process when a prosecutor uses a charging decision to retaliate for a defendant's exercise of constitutional or statutory rights.  <u>See</u> <u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 363 (1978).  In fact, the Supreme Court has held that a presumption of prosecutorial vindictiveness arises where a defendant's exercise of an appellate right results in a prosecutor indicting that defendant on more serious charges. <u>Thigpen v. Roberts</u>, 468 U.S. 27, 33 (1984).  However, a presumption of vindictive prosecution does not arise where "a new federal prosecution follow[s] an acquittal on separate federal charges."  <u>United States v. Johnson</u>, 171 F.3d 139, 141 (2nd Cir. 1999).

        Absent facts giving rise to a presumption of vindictive prosecution, in order to prevail on such a claim a defendant must produce direct evidence that the prosecution was vindictive "such as a statement by the prosecutor evidencing the vindictive motive."  <u>United States v. Koh</u>, 199 F.3d 632, 640 (2nd Cir. 1999).  In order to establish actual vindictive prosecution, the defendant must show that

> (1) the prosecutor harbored genuine animus toward the defendant, or was prevailed upon to bring the charges by another with animus such that the prosecutor could be considered a 'stalking horse,' and (2) [the defendant] would not have been prosecuted except for the animus."

<u>United States v. Sanders</u>, 211 F.3d 711, 717 (2nd Cir. 2000).

        As is the case with allegations of selective prosecution, in order for a defendant to be entitled to discovery regarding his claim of vindictive prosecution, he must present "some evidence of genuine animus, not the mere possibility that animus might exist under the circumstances."  <u>Id</u>. at 713.  It is a "rigorous" standard.  <u>Id</u>.

        In the instant matter, the defendant pled guilty to the October 2001 credit card fraud charges pursuant to a plea agreement.  He never appealed.  Thus, the defendant is unable to show that the instant prosecution resulted from his exercise of a

Constitutionally guaranteed right, avoiding any presumption of vindictive prosecution.  Thigpen v. Roberts, 468 U.S. at 33.

As such, in order to successfully assert his claim of vindictive prosecution, or to even be entitled to discovery on the issue, the defendant would have to proffer direct evidence showing actual vindictive motive.  United States v. Sanders, 211 F.3d at 717.  In an apparent attempt to support his allegation of vindictive prosecution the defendant makes the following muddled argument:

> the government appears to be attempting to deflect an examination into the true motivations and machinations that have led Mr. Awan to face a prosecution that, when first initiated by the March 3, 2006, indictment, (sic) squeeked (sic) within the statute of limitations just as Mr. Awan was to be released from federal prison. The circumstances evince an overzealous and discriminatory intent and series of actions taken by the government to keep Mr. Awan enmeshed in the federal criminal justice system.

Defendant's Brief, p. 10.

However, in addition to being hyperbolic and purely speculative, the defendant's argument fails to introduce any concrete evidence indicating that the prosecution of Awan was motivated by some personal animus.  The defendant also completely ignores several crucial facts.  First, the conduct resulting in the defendant's instant indictment did not come to the government's attention until after the defendant had been incarcerated on the credit card case for several months, when the defendant's cell-mate at the Metropolitan Detention Center contacted law enforcement to report Awan's claims that he knew an important terrorist in Pakistan.  Second, the defendant's conduct in conspiring to provide assistance to the KCF continued well after he was sentenced on the credit card case.  Third, to the government's knowledge, there has never been an "examination" into the government's "motives and machinations" in the government's original prosecution of Awan for credit card fraud. Therefore, such a non-existent examination could not serve as any motivation for bringing the instant indictment.  Finally, as outlined in the superseding indictment, the defendant's conduct with regard to the Khalistan Commando Force continued into 2005, just a year prior to the filing of the instant indictment, which could hardly be considered "squeaking" within the statute of limitations.

6

Because the defendant's allegation of vindictive prosecution is devoid of any factual support and premised entirely upon inaccurate speculation, he has failed to meet his burden to compel discovery into the matter, much less dismissalof the instant indictment.  As such, the government respectfully requests that this Court deny the defendant's motion in its entirety.

Respectfully submitted,

ROSLYNN R. MAUSKOPF
United States Attorney

By:  _____
Lawrence P. Ferazani, Jr.
Elizabeth J. Kramer
Assistant U.S. Attorneys
(718) 254-6418/6372

cc:  Clerk of the Court (CPS)
     Sean M. Maher, Esq. & Khurrum Wahid, Esq. (by facsimile)