KTC:LK:LPF
F.#2002R02644

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

                                    CR 06-154 (S-1)(CPS)

KHALID AWAN,

              Defendant.

- - - - - - - - - - - - - - - - - - -X

## THE GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S MOTIONS TO DISMISS THE SUPERSEDING INDICTMENT ON DOUBLE JEOPARDY GROUNDS AND FOR A BILL OF PARTICULARS

ROSLYNN R. MAUSKOPF
United States Attorney
Eastern District of New York
156 Pierrepont Street
Brooklyn, New York 11201

Lawrence P. Ferazani, Jr.
Elizabeth J. Kramer
Assistant U.S. Attorneys
   (Of Counsel)

**DEFENDANT'S MOTIONS**

The defendant moves the Court to dismiss the superseding indictment on double jeopardy grounds.  The defendant also reiterates his motion for a bill of particulars.  For the reasons set forth below, the defendant's motions should be denied.

**BACKGROUND**

In 2002, the defendant pled guilty to credit card fraud conspiracy in violation of 1029(a)(2) and (b)(2).

The current superseding indictment charges the defendant with three counts related to terrorism.  Count One charges him with conspiracy to violate the 2005 version of Title 18, United States Code, Section 2339A(a), stating:

> In or about and between 1998 and February 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KHALID AWAN, together with others, did knowingly and intentionally conspire to provide material support and resources, as that term is defined in Title 18, United States Code, Section 2339A(b) (2005), knowing and intending that they were to be used in preparation for, and in carrying out, a conspiracy to murder, kidnap or maim a person or persons outside the United States in violation of 18 U.S.C. § 956(a).

Count Two charges the defendant with the substantive violation of the 2001 version of Title 18, United States Code, Section 2339A(a), stating:

> In or about and between 1998 and November 6, 2001, both dates being approximate and inclusive, within the

> Eastern District of New York and elsewhere, the defendant KHALID AWAN  did knowingly and intentionally provide material support and resources, as that term is defined in Title 18, United States Code, Section 2339A(b) (2001), knowing and intending that they were to be used in preparation for, and in carrying out, a conspiracy to murder, kidnap or maim a person or persons outside the United States, in violation of Title 18, United States Code, Section 956(a).

Count Three charges the defendant with

> In or about and between 1998 and November 6, 2001, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KHALID AWAN did knowingly and intentionally transport, transmit and transfer monetary instruments and funds from a place in the United States to a place outside the United States with the intent to promote the carrying on of an offense against a foreign nation involving murder and destruction of property by means of explosive or fire, in violation of Title 18, United States Code, Section 1956(c)(7)(B)(ii).

The defendant was arraigned on the superseding indictment on August 2, 2006 and pled not guilty.  The defendant's trial is scheduled to begin on October 30, 2006.

The government will prove at trial that the material support and resources that the defendant provided, and conspired to provide, consisted of money, financial services and personnel- all of which have been specifically designated by statute as "material support or resources."  18 U.S.C. § 2339A(b)(1).  The government will prove that the defendant conspired with, among others, Paramjit Singh Panjwar ("Panjwar"), the leader of the Khalistan Commando Force ("KCF"), a Sikh terrorist group dedicated to compelling the Indian government to permit the

creation of a free Sikh state to be called "Khalistan."  The government will prove that the KCF sought to attain its goal of a free Khalistan through violent means, including murder, kidnappings and bombings.  Since its formation, the KCF has conducted numerous assassinations of Indian public officials, military and police personnel as well as bombings of public places, police stations and military installations.

At trial, the government will introduce evidence proving that between 1998 and November 2001, the defendant sent his own money and facilitated the transfer of other people's money to Panjwar for use in KCF attacks.  The defendant admitted to cooperating witnesses and during post-<u>Miranda</u> statements that the money he sent to the KCF was for bombs and other attacks. The government will also introduce evidence proving that even after the defendant was incarcerated for credit card fraud he continued to conspire with Panjwar and others to provide material support and resources to the KCF by attempting to recruit Sikhs to travel to Pakistan to join the KCF following their release from prison.

**ARGUMENT**

I.    <u>There is No Basis to Dismiss The Superseding Indictment on Double Jeopardy Grounds</u>

A.    <u>The Legal Standard</u>

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to

be twice put in jeopardy of life or limb." U.S. Const. amend. V. This provision protects a defendant in three separate situations: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution after conviction. And it protects against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717 (1969).

By its terms, the Double Jeopardy Clause applies only where successive prosecutions or multiple charges in the same prosecution involve the "same offense." United States v. Ursery, 518 U.S. 267, 273 (1996). To determine whether the defendant is being prosecuted for the same offense, the Court should first look to see if the respective statutes explicitly state whether the legislature intended to impose "cumulative punishments." United States v. Khalil, 214 F.3d 111, 119 (2d Cir. 2000). If the legislature's intent is not explicit, the Court should apply the test in Blockburger v. United States, 284 U.S. 299 (1932) to determine if the two offenses are the same for double jeopardy purposes. Under the Blockburger test, two offenses are not the same if each "requires proof of a fact which the other does not." Blockburger, 284 U.S. at 304; see also Khalil, 214 F.3d at 118. However, the Second Circuit has held that there are limited circumstances in which two offenses may be the same even when they have different elements, although it is unclear whether

5

these decisions are still good law.  See United States v. Sessa, 125 F.3d 68, 72 (2d Cir. 1997).

Courts have noted that in evaluating a defendant's claim that two successive conspiracy prosecutions violate double jeopardy, the defendant has the initial burden of making a "nonfrivolous" argument that the two indictments charged the same conspiracy, and then the government must show by a preponderance of the evidence that the two charged conspiracies are actually separate offenses.  See United States v. Del Vecchio, 800 F.2d 21, 22 (2d Cir. 1986).  To determine whether the two charged conspiracies are the same, a Court looks at the totality of the circumstances, including eight specific factors.  See United States v. Korfant, 771 F.2d 660, 662 (2d Cir. 1985).  The eight relevant factors include "(1) the criminal offenses charged in successive indictments; (2) the overlap of participants; (3) the overlap of time; (4) similarity of operation; (5) the existence of common overt acts; (6) the geographic scope of the alleged conspiracies or location where overt acts occurred; (7) common objectives; and (8) the degree of interdependence between alleged distinct conspiracies."  Korfant, 771 F.2d at 662.

B.   There is No Double Jeopardy Issue Here

In this case, the defendant's double jeopardy claim fails the Blockburger test.  Obviously, credit card fraud conspiracy under 18 U.S.C. §§ 1029(a)(2) and 1029(b)(2), to which

the defendant pled guilty in 2002, requires proof of completely different facts than the current charges against him for providing material support to terrorism under 18 U.S.C. §§ 2339A(a) and 1956(a)(2)(A).

Under 1029(b)(2), the government had to prove that the defendant did knowingly and with intent to defraud conspire to use one or more unauthorized access devices (in this case, credit cards) during a one-year period, and by that conduct obtained things of value in excess of $1,000. See 18 U.S.C. §§ 1029(a)(2) & 1029(b)(2); Superseding Information in United States v. Khalid Awan, 01 CR 1328 (S-1) (JS) at ¶ 1. In the present case, Count One, which charges the defendant with violating 18 U.S.C. ¶ 2339A(a), requires the government to prove that the defendant conspired with others to provide material support or resources knowing or intending that they were to be used in preparation for or in carrying out a conspiracy to murder, kidnap or maim a person or persons outside the United States in violation of 18 U.S.C. § 956. Count Two charges a substantive violation of 18 U.S.C. § 2339A. Count Three requires the government to prove that the defendant did knowingly and intentionally transport, transmit and transfer monetary instruments and funds from inside the United States to outside the United States with the intent to promote the carrying on of an offense against a foreign nation

involving murder and destruction of property.  18 U.S.C. §§ 1956(a)(2)(A) & 1956(c)(7)(B)(ii).

In short, no element of the defendant's prior offense and this offense are the same.

In addition, the defendant's argument that the conspiracy charged in the prior superseding information and the current indictment are the same conspiracy is frivolous.  It defies logic to think that prosecuting a defendant for credit card fraud conspiracy would prohibit the government from later pursuing terrorism conspiracy charges against the same defendant. This is particularly true here, where the terrorism conspiracy continued after the defendant pled guilty to the credit card fraud conspiracy.

Moreover, an examination of the eight Korfant factors makes clear that the two offenses at issue have little in common – the criminal offenses charged in the two indictments are different, the credit card fraud case involved many people that the terrorism charges do not and vice versa (to take an obvious example, the KCF and Panjwar were not part of the credit card fraud conspiracy); the time frame is not the same, as the defendant's actions in support of the KCF extended into 2005, when the defendant was incarcerated on the credit card fraud charges; the terrorism charges involve assisting a terrorist organization abroad, whereas the credit card fraud was committed

8

in the United States, and so on.  While the defendant used some of the same accounts to store his credit card fraud proceeds and send money abroad, that fact does not render the two conspiracies the same.  Similarly, the fact that one witness was aware of both the defendant's credit card fraud and some of his actions in support of the KCF does not mean the defendant only committed one crime – it just means that one person is a witness to both crimes.

Finally, the defendant is correct that some evidence seized during the credit card fraud case will be used at trial on the terrorism charges.  For example, during the consent search of the defendant's luggage in 2001, agents recovered pieces of paper with names and telephone numbers on them.  During the present investigation, a review of those papers revealed that, for example, one of the names and numbers on the papers was Panjwar's.  Similarly, the government expects at least one witness to testify about the defendant's credit card fraud scheme because it explains the relationship between the witness and the defendant, which in turn led to the witness learning information about the defendant's actions on behalf of the KCF.  However, the fact that some evidence recovered during the credit card fraud case and information about the defendant's credit card fraud will be used in the terrorism case does not create a double jeopardy problem.  The Second Circuit has made clear that the government

may use evidence from one investigation during the trial of other charges without raising double jeopardy concerns.  <u>See</u>, <u>e.g.</u>, <u>United States v. Romero</u>, 967 F.2d 63, 67 (2d Cir. 1992) (government may use evidence of previously-prosecuted conduct as "background"); <u>United States v. Salerno</u>, 964 F.2d 172, 179 (2d Cir. 1992) (same).  Thus the use of the above-described evidence during the present prosecution is not barred by the Double Jeopardy Clause.

II.    <u>The Motion for a Bill of Particulars Should Be Denied</u>

In his motion to dismiss the superseding indictment on double jeopardy grounds, the defendant reiterates his position that he is entitled to a bill of particulars.  Def.'s Br. at 10-12.  In his original motion, the defendant articulated approximately 36 requests for specific pieces of information without offering any precedent in support of his motion.  Def.'s Br. in Support of Motion for Bill of Particulars at 1-4.  The defendant now claims although he has received extensive information in discovery and government motions about the government's case, that information is not sufficient because "the statements made in government pleadings and all the mountains of discovery in the world do not have the same binding legal effect as an indictment and bill of particulars that clearly sets out what the government will be bound to prove at

trial." Def.'s Br. At 11. As shown below, the defendant's motion should be denied.

A.    The Applicable Law

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, the Court may direct the filing of a bill of particulars. A request for a bill of particulars is appropriately granted only when necessary to inform a defendant of the charges against him with sufficient precision to enable him to prepare his defense, to avoid or minimize the danger of surprise at trial, or to enable him to plead double jeopardy if subsequently prosecuted for the same offense. See Wong Tai v. United States, 273 U.S. 77, 82 (1927); United States v. GAF Corp., 928 F.2d 1253, 1259-60 (2d Cir. 1991); United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987); United States v. Chestnut, 533 F.2d 40, 45 (2d Cir.), cert. denied, 429 U.S. 829 (1976); United States v. Crozzoli, 698 F. Supp. 430, 435-36 (E.D.N.Y. 1988). Thus, a bill of particulars may be warranted to supplement the facts pleaded in an indictment where those facts are insufficient to accomplish these three goals.

On the other hand, a bill of particulars is not to be used as a device for a defendant to obtain discovery beyond that which the government is obliged to provide pursuant to Rule 16 of the Federal Rules of Criminal Procedure and Brady and its progeny. Thus, courts have refused to treat a bill of

11

particulars as a general investigative tool for the benefit of the defense inasmuch as "discovery in criminal proceedings is not comparable to discovery in civil [proceedings] because of the nature of the issues, the danger of intimidation of witnesses, and the greater danger of perjury and subornation of perjury." United States v. Persico, 621 F. Supp. 842, 868 (S.D.N.Y.) (quoting United States v. Malinsky, 19 F.R.D. 426, 428 (S.D.N.Y. 1956)), aff'd, 774 F.2d 30 (2d Cir. 1985).  As explained in United States v. Taylor, 707 F. Supp. 696, 699 (S.D.N.Y. 1989), "the question is not whether the information sought is useful to the defendant, but instead whether it is necessary to the defense."  See also United States v. Matos-Peralta, 691 F. Supp. 780, 791 (S.D.N.Y. 1988); United States v. Guerrerio, 670 F. Supp. 1215, 1224 (S.D.N.Y. 1987)).

For example, as a general rule, a defendant is not entitled to detailed evidence about a conspiracy to prepare properly for trial.  United States v. Feola, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), aff'd, 875 F.2d 857 (2d Cir.), cert. denied, 493 U.S. 834 (1989).  Requests by a defendant of the "whens," "wheres" and "with whoms" of the acts of the conspirators have been rejected by the Second Circuit as impermissible attempts to force the government to "particularize its evidence," United States v. Cephas, 937 F.2d 816, 823 (2d Cir. 1991), and to compel the government "through a bill of

particulars to disclose the manner in which it will prove the charges or preview its evidence or legal theory." United States v. Facciolo, 753 F. Supp. 449, 451 (S.D.N.Y. 1990), aff'd, 968 F.2d 242 (2d Cir. 1992); United States v. Henry, 861 F. Supp. 1190, 1197-98 (S.D.N.Y. 1994). Specifically, details, such as the date on which the conspiracy was formed, or when each participant entered into the conspiracy, or what each conspirator said or did as a participant in the conspiracy, need not be revealed before trial. United States v. Leonard, 817 F. Supp. 286, 301 (E.D.N.Y. 1992)(Hurley, J.); Persico, 621 F. Supp. at 868. Furthermore, "[d]efendants are not entitled to discover through a bill of particulars the locations in addition to those listed in the indictment at which they are alleged to have violated the statute, where the information already made available to defendants is sufficient to enable proper preparation for trial and further discovery would amount to an unnecessary revelation of evidence." Feola, 651 F. Supp. at 1133 (citation omitted).

Likewise, the government need not disclose the substance of the conversations or the details of agreements between or among co-conspirators. See United States v. Kahaner, 203 F. Supp. 78, 84 (S.D.N.Y. 1962), aff'd, 317 F.2d 459 (2d Cir.), cert. denied, 375 U.S. 835 (1963). Nor is the government under a duty to disclose the precise manner in which the crimes

alleged in the indictment were committed.  United States v. Remy, 658 F. Supp. 661, 670 (S.D.N.Y. 1987).  "Similarly, the government is under no obligation to disclose the specific role played by a defendant in a conspiracy, or the particular acts each defendant is alleged to have participated in, had knowledge of, or for which he is being held responsible." United States v. Jones, 1986 WL 275, at *2 (S.D.N.Y. 1986) (citations omitted).

Nor may a bill of particulars be used to prematurely obtain a list of the government's witnesses.  United States v. Volpe, 42 F. Supp. 2d 204, 224 (E.D.N.Y. 1999)(Nickerson, J.) ("defendant may not have a bill of particulars as a means to obtain the government's witness list").

Finally, the decision to grant a bill of particulars rests within the sound discretion of the district court.  United States v. Davidoff, 845 F.2d 1151, 1154 (2d Cir. 1988); United States v. Panza, 750 F.2d 1141 (2d Cir. 1984); United States v. Gotti, 784 F. Supp. 1017, 1018 (E.D.N.Y. 1992)(Glasser, J.).

B.    The Defendant Is Not Entitled To A Bill Of Particulars

Set against these standards, it is apparent that the defendant here is not entitled to a bill of particulars.  The superseding indictment provides sufficient notice of the nature of the criminal conduct with which the defendant is charged, and the voluminous discovery and motion practice in the case have

14

amplified the information in the superseding indictment.  The defendant's motion should therefore be denied.

The government has turned over extensive pretrial discovery in this case.  That discovery includes many dozens of hours of tape-recorded conversations between the defendant and two inmates to whom he spoke in prison; hours of taped telephone calls between the defendant and other individuals, including his family members and his co-conspirator Paramjit Singh Panjwar; a report concerning the extensive statements made by the defendant in two meetings with federal law enforcement authorities in February 2006 in which, among other thing, he admitted providing support to the Khalistan Commando Force and Paramjit Singh Panjwar; documents regarding items recovered in consent searches, search warrants and search warrant affidavits; and photographs and other materials, all of which provide the defendant with further specifics about the charged crimes.

In addition, the government has responded to numerous defense motions to dismiss the indictment.  In those responses, the government has made clear the theory of its case against the defendant.  To paraphrase those numerous other government submissions, the government has charged the defendant with conspiring to provide and providing assistance to the KCF, a Sikh separatist group operating in India and Pakistan.

In the face of the precisely drawn indictment and the copious discovery, it is clear that the defendant is seeking a bill of particulars as a general investigative tool aimed at the disclosure of the government's evidence or its witnesses prior to trial. Even a cursory review of the information demanded by the defendant in his request for a bill of particulars reveals that the defendant seeks precisely the type of information prohibited by the above-cited precedent, for example, "The manner in which Mr. Awan allegedly agreed to provide material support and resources to the conspirators" (Request 5); "The names of any unindicted coconspirators" (Request 7); "The names of all confidential informants or undercover agents who participated in the alleged conspiracy and the roles of those informants or undercover agents" (Request 9); and "The name of any political, religious, military or other organization involved or implicated in the conspiracy" (Request 14). The government has no duty to disclose the precise evidence it will offer to prove that the crimes alleged in the indictment were committed. The defendant's request for particularized descriptions of the exact conduct and words that the government will argue constitutes evidence of guilt is a thinly-disguised discovery mission that falls outside the scope of Rule 7(f). In short, the defendant has failed to articulate a need for a bill of particulars in this case, as he clearly understands the charges against them and is able to

prepare his defenses and articulate his arguments with respect to

double jeopardy.  Accordingly, the defendant's motion for a bill

of particulars should be denied.

## CONCLUSION

The defendant's motions should be denied.

Dated: Brooklyn, New York
       September 27, 2006


                                   Respectfully submitted,

                                   ROSLYNN R. MAUSKOPF
                                   UNITED STATES ATTORNEY
                                   Eastern District of New York
                                   One Pierrepont Plaza
                                   Brooklyn, New York 11201



Lawrence P. Ferazani, Jr.
Elizabeth J. Kramer
Assistant U.S. Attorneys
   (Of Counsel)