KTC:LPF:LK
F.#2006R00416

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 23 2006 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-

KHALID AWAN,

       Defendant

- - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 06-154(S-2)(CPS)
(T. 18, U.S.C., §§
1956(a)(2)(A),
1956(c)(7)(B)(ii), 2339A(a)
(2001), 2339A(a) (2005), 2
and 3551 et seq.)

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1. The defendant KHALID AWAN was a dual Pakistani-Canadian citizen residing in Garden City, New York.

2. The Khalistan Commando Force was a group operating primarily in India and Pakistan that was composed of members of the Sikh religion. The Khalistan Commando Force's stated purpose was to compel the Indian government to permit the creation of an independent state, controlled by members of the Sikh religion, called "Khalistan."

3. In order to compel the Indian government to create the state of Khalistan, the Khalistan Commando Force engaged in a series of bombings, kidnappings and murders in India.

4. Paramjit Singh Panjwar ("Panjwar") resided in

2

Lahore, Pakistan and was the leader of the Khalistan Commando Force. Because of the activities of the Khalistan Commando Force, Panjwar was listed as a "terrorist" by the government of India and was wanted for criminal prosecution.

5. Coconspirator #1, an individual whose identity is known to the grand jury, was a member of the Khalistan Commando Force residing in Queens, New York. From 1999 through 2001, Coconspirator #1 hosted fundraisers for Panjwar and the Khalistan Commando Force at his home. During some of these fundraisers, Panjwar addressed the attendees by conference call and explained the importance of providing money in support of the Khalistan Commando Force.

6. Coconspirator #2, an individual whose identity is known to the grand jury, was a resident of Queens, New York. From 1999 through 2001, Coconspirator #2 hosted fund-raisers for the Khalistan Commando Force at his home.

Provision of Currency, Monetary Instruments and Financial Services

7. In or about November 2000, Coconspirator #1, Coconspirator #2 and others met with the defendant KHALID AWAN at his residence and gave him a sum of United States currency, collected during the above-described fundraisers, for AWAN to transmit to Panjwar for use by the Khalistan Commando Force to conduct attacks in India.

8. In approximately Spring 2001, Coconspirator

3

#2 met with the defendant KHALID AWAN and gave him a sum of United States currency for AWAN to transmit to Panjwar for use by the Khalistan Commando Force to conduct attacks in India.

Provision of Personnel

9.    In or about October 2001, the defendant KHALID AWAN was incarcerated at the Metropolitan Detention Center ("MDC"), a federal correctional facility located in Brooklyn, New York, on fraud charges.

10.    While incarcerated at the MDC, AWAN maintained contact with Panjwar by telephone.

11.    While incarcerated at the MDC, AWAN met John Doe, an individual whose identity is known to the grand jury, who was also incarcerated at the MDC and who was a Sikh.  AWAN told John Doe in sum and substance that he was closely associated with Panjwar and the Khalistan Commando Force and was responsible for transferring funds from supporters of the Khalistan Commando Force in the United States to Panjwar in Pakistan for use by the Khalistan Commando Force to conduct attacks in India.

12.    On or about March 12, 2004, the defendant KHALID AWAN introduced John Doe to Panjwar by telephone.  AWAN told John Doe in sum and substance that, upon John Doe's release from prison, AWAN would arrange for him to travel to Pakistan in order to receive training from Panjwar to join the Khalistan Commando Force to conduct attacks in India.

4

## COUNT ONE
### (Conspiracy to Provide Material Support or Resources to Terrorists)

13. The allegations contained in paragraphs 1 through 12 are realleged and incorporated as if fully set forth in this paragraph.

14. In or about and between 1998 and February 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KHALID AWAN, together with others, did knowingly and intentionally conspire to provide material support and resources, to wit: currency, monetary instruments, financial services and personnel, knowing and intending that they were to be used in preparation for, and in carrying out, a conspiracy to commit at a place outside the United States an act that would constitute the offense of murder, kidnapping or maiming if committed in the special maritime and territorial jurisdiction of the United States, in violation of Title 18, United States Code, Section 956(a).

15. In furtherance of this conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendant KHALID AWAN committed and caused to be committed, among others, the following:

a. In or about November 2000, the defendant KHALID AWAN met with Coconspirator #1, Coconspirator #2 and others at his residence in Garden City, New York and received a sum of

5

United States currency, which AWAN was to transmit to Panjwar and the Khalistan Commando Force for use in its attacks in India.

b.    In or about Spring 2001, the defendant KHALID AWAN met with Coconspirator #2 at his residence in Garden City, New York and received a sum of United States currency, which AWAN was to transmit to Panjwar and the Khalistan Commando Force for use in its attacks in India.

c.    On or about July 26, 2001, the defendant KHALID AWAN caused a wire transfer in the amount of $25,000 to be sent from an account he controlled at the Bank of America, in the name of "Tee Jays Fashion & Wholesale," to an account he controlled in his name at Habib Bank Limited in Lahore, Pakistan.

d.    On March 12, 2004, while incarcerated at the MDC, the defendant KHALID AWAN telephoned Panjwar in Lahore, Pakistan and introduced him to John Doe.

(Title 18, United States Code, Sections 2339A(a) (2005) and 3551 et seq.)

COUNT TWO
(Providing Material Support or Resources to Terrorists)

16.    The allegations contained in paragraphs 1 through 12 are realleged and incorporated as if fully set forth in this paragraph.

17.    In or about and between 1998 and October 25, 2001, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KHALID AWAN did

6

knowingly and intentionally provide material support and resources, to wit: currency, monetary instruments and financial services, knowing and intending that they were to be used in preparation for, and in carrying out, a conspiracy to commit at a place outside the United States an act that would constitute the offense of murder, kidnapping or maiming, if committed in the special maritime and territorial jurisdiction of the United States, in violation of Title 18, United States Code, Section 956(a).

(Title 18, United States Code, Sections 2339A(a) (2001), 2 and 3551 et seq.)

### COUNT THREE
(Money Laundering to Promote Terrorism)

18. The allegations contained in paragraphs 1 through 12 are realleged and incorporated as if fully set forth in this paragraph.

19. In or about and between 1998 and November 6, 2001, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KHALID AWAN did knowingly and intentionally transport, transmit and transfer monetary instruments and funds from a place in the United States to a place outside the United States with the intent to promote the carrying on of specified unlawful activity, to wit: an offense against a foreign nation, to wit: India, involving murder as

7

defined by Indian Penal Code Section 300 and destruction of property by means of explosive or fire as defined by Indian Penal Code Section 435.

(Title 18, United States Code, Sections 1956(a)(2)(A), 2 and 3551 et seq.)

A TRUE BILL

_____
FOREPERSON

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:_____
**ACTING UNITED STATES ATTORNEY**
**PURSUANT TO 28 C.F.R. 0.136**

## INFORMATION SHEET

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 23 2006 ★

1.  Title of Case:  United States v. KHALID AWAN

2.  Related Magistrate Docket Number(s) 06-CR-154(S-2) (CPS)    BROOKLYN OFFICE

    None ( )

3.  Arrest Date:  _March 14, 2006_

4.  Nature of offense(s):  ✗  Felony
                           ☐  Misdemeanor

5.  Related Civil or Criminal Cases - Title and Docket No(s).  (Pursuant to Rule 50.3 of the Local E.D.N.Y. Division of Business Rules):_____

6.  Projected Length of Trial:    Less than 6 weeks    ( X )
                                  More than 6 weeks    ( )

7.  County in which crime was allegedly committed: _____ KINGS _____
    (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8.  Has this indictment been ordered sealed?          ( ) Yes  (X) No

9.  Have arrest warrants been ordered?                 ( ) Yes  (X) No

10. Is a capital count included in the indictment?     ( ) Yes  (X) No

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY

By:  _____
LAWRENCE FERAZANI
Assistant U.S. Attorney
(718) 254-6418

Rev. 10/01/03